IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

EDWARD GEORGE JONES,

    Petitioner,

v.                                                     CASE NO. 1:11-cv-269-MP-GRJ

SECRETARY, FLORIDA
DEPARTMENT OF CORRECTIONS

    Respondent.
_____/

## REPORT AND RECOMMENDATION

Petitioner, an inmate in the custody of the Florida Department of Corrections, initiated this case by filing a *pro se* petition for writ of habeas corpus under 28 U.S.C. § 2254. (Doc. 1). Approximately one week later, he filed an amended petition. (Doc. 5.) The case is presently before the Court on Doc. 25, Respondent's motion to dismiss based upon expiration of the one-year limitation period. Petitioner filed a response to the motion to dismiss, Doc. 31, and therefore this matter is ripe for review. For the following reasons, it is recommended that the motion to dismiss be granted in part and denied in part.

Petitioners whose convictions became final after the effective date of the AEDPA have a one-year period within which to seek federal habeas corpus review of their convictions. The one-year limitations period begins to run, *inter alia*, from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review[.]" The one-year limitations period is statutorily tolled during the pendency of a properly-filed state application for post conviction relief, and may be equitably tolled in appropriate "extraordinary circumstances." 28 U.S.C.

§ 2244(d)(2); *Steed v. Head*, 219 F.3d 1298, 1300 (11th Cir. 2000). The petitioner bears the burden of showing that equitable tolling is warranted. *Drew v. Dept' of Corrections,* 297 F.3d 1278, 1286 (11th Cir. 2002).

Petitioner's appeal of his convictions was denied on April 20, 2009. His conviction became final 90 days later, when the time period during which he could have sought *certiorari* review in the U.S. Supreme Court ended. Although the 1-year limitations period would have started running on July 20, 2009, it did not actually begin to run until June 18, 2010, due to the pendency of a state habeas petition and a state Rule 3.850 motion. The limitations period began running on June 18, 2010 and ran for 128 days until it was tolled beginning October 25, 2010 with the filing of another state habeas petition. Tolling began running again on April 28, 2011, when rehearing was denied by the First DCA. At that point, there were 237 days left in the limitations period, and it would have expired on December 21, 2011.

In Respondent's motion to dismiss, he contends that the instant petition is untimely because it was given to prison officials for mailing on December 27, 2011, six days beyond the expiration of the limitations period. (Doc. 25.) However, as Petitioner points out in his response in opposition to the motion to dismiss, Doc. 31, it was the <u>amended petition</u> (Doc. 5) that was provided to prison officials for mailing on December 27, 2011. The original petition, Doc.1, was provided to prison officials for mailing on December 15, 2011, within the limitations period. The original petition contained four grounds. Petitioner moved to amend the petition on December 27, 2011 to add Ground 5, which he stated was inadvertently left off of the original petition. (Doc. 4.) The Amended Petition contains five grounds for relief. (Doc. 5.) Grounds 1-4 are identical

to the grounds raised in the original, timely filed petition. Therefore, Grounds 1-4 are timely and Respondent's motion to dismiss as time-barred is due to be denied as to Grounds 1-4.

As to Ground 5 of the Amended Petition, the issue is whether this untimely amendment relates back to the original, timely petition.[1] In order to be considered timely, Petitioner's new claim must satisfy the "relation back" principles of Rule 15. Fed. R. Civ. P. 15(c); *Davenport v. United States*, 217 F.3d 1341, 1344-46 (11th Cir. 2000). A new claim "will relate back and be considered timely if [it] 'arose out of the conduct, transaction, or occurrence' set forth in his original [§ 2254] motion." *Davenport,* 217 F.3d at 1344. For relation back to apply, the untimely claim must "have more in common with the timely filed claim than the mere fact that they arose out of the same trial and sentencing proceeding." *Id.* Rather, the untimely claim "must have arisen from the 'same set of facts' as the timely filed claim, not from separate conduct or a separate occurrence in 'both time and type.'" *Id.* Rule 15(c) is not "so broad as to allow an amended pleading to add an entirely new claim based on a different set of facts." *Pruitt v. United States,* 274 F.3d 1315, 1318 (11th Cir. 2001).

The grounds raised in Petitioner's original, timely petition, Doc. 1, and identical to

---

[1] Petitioner argues that his petition for writ of mandamus in the Florida Supreme Court, which, if considered to toll the limitations period would render the amended petition timely, does just that. Petitioner concedes that a mandamus petition does not toll the limitations period, but argues that because he titled the petition as one of habeas corpus, it should toll the limitations period. The Florida Supreme Court treated the pleading as a writ of mandamus and denied it as a writ of mandamus on October 5, 2010. The relief Petitioner sought in his September 9, 2010 pleading was titled a "Motion for Writ of Mandamus" and asked the Florida Supreme Court to compel the First DCA to review his ineffective assistance of appellate counsel claim. (Resp. Exh. NN & OO.) Accordingly, the application for mandamus did not toll the limitations period. *See, e.g., Tatum v. Sec'y, Dep't of Corrections,* 2011 WL 573838 (M.D. Fla. 2011).

Grounds 1-4 of his amended petition (Doc. 5) are:

> 1. Ineffective assistance of trial counsel - failure to move to dismiss on grounds of perjury (allegations of perjury against prosecutors in the criminal information).
>
> 2. The perjury created a defect in the trial court's subject matter jurisdiction.
>
> 3. Ineffective assistance of trial counsel - failure to move to suppress evidence that was the result of knowingly false information relayed in the BOLO by law enforcement.
>
> 4. Appellate court error.

(Docs. 1, 5.) Ground 5 of the Amended Petition alleges ineffective assistance of appellate counsel for not challenging the trial court's ruling on suppression of evidence obtained as a result of knowingly false information relayed in the BOLO by law enforcement. (Doc. 5.) While the amended claim and Ground 3 of the original petition both relate to the BOLO issue, they arise from separate conduct. Trial counsel's conduct during the trial and appellate counsel's conduct on appeal are distinct in both time and type. *Davenport*, 217 F. 3d at 1344. *See also Harris v. Sec'y, Dept. of Corrections,* 2009 WL 1107674, at *11 (M.D. Fla. 2009) (denying amendments challenging appellate counsel's effectiveness as untimely where petitioner raised no claim of ineffective assistance of appellate counsel in original petition).

Petitioner raised no claims of ineffective assistance of appellate counsel in his original petition, yet seeks to challenge the conduct of appellate counsel in his untimely amendment. This does not satisfy the relation back requirements of Rule 15(c) or *Davenport*. The amended claim addresses separate conduct not presented in the original petition. Accordingly, Ground 5 of the amended petition for writ of habeas corpus does not relate back to the timely filed claims alleged in the original petition and

is time-barred.

For the foregoing reasons it is respectfully **RECOMMENDED** that:

Respondent's Motion to Dismiss (Doc. 25) should be **GRANTED IN PART AND DENIED IN PART.** Ground 5 of the Amended Petition (Doc. 5) should be dismissed as untimely, but the parties should be directed to brief Grounds 1-4 of the Amended Petition on the merits.

**IN CHAMBERS** this 8th day of April 2013.

*s/ Gary R. Jones*
GARY R. JONES
United States Magistrate Judge

**NOTICE TO THE PARTIES**

**A party may file specific, written objections to the proposed findings and recommendations within 14 days after being served with a copy of this report and recommendation. A party may respond to another party's objections within 14 days after being served with a copy thereof. Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**