IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

EDWARD GEORGE JONES,

    Petitioner,

v.                                           CASE NO. 1:11-cv-269-MP-GRJ

SECRETARY, DEPT. OF
CORRECTIONS,

    Respondent.

_____/

**REPORT AND RECOMMENDATION**

Petitioner initiated this case by filing a *pro se* Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 (Doc. 1), and is currently proceeding on an amended petition. (Doc. 5.) Respondent filed a motion to dismiss (Doc. 25), arguing that the petition should be dismissed as untimely. The Court granted the motion to dismiss only as to Ground 5 of the amended petition. (Docs. 32, 36.) Respondent included an alternative response on the merits in its motion to dismiss, and attached an appendix with relevant portions of the state-court record. (Docs. 25-27.) Petitioner has filed a reply. (Docs. 31, 35, 37.) Upon due consideration of the Amended Petition, the Motion to Dismiss/Response, Petitioner's responsive pleadings, and the state-court record, the undersigned recommends that the remaining grounds in the Petition–Grounds 1-4--be denied.[1]

**Summary of State Court Proceedings**

After his July 2007 jury trial, Petitioner was convicted of robbery while armed with

---

[1] Because the Court may resolve the Petition on the basis of the record, the Court has determined that an evidentiary hearing is not warranted. *See* Rule 8, Rules Governing Habeas Corpus Petitions Under Section 2254.

a firearm or deadly weapon and kidnapping. (Respondents Exhibits D, E.) The charges stemmed from a July 29, 2006, robbery of a convenience store in Jennings, Florida. The assistant manager of the store testified that a black man wearing plaid shorts, with a red shirt over his face, robbed the store while armed with a knife. The assistant manager gave Petitioner money from the register. Petitioner then ordered the assistant manager into the restroom at knifepoint, and made her take off her clothes and lock herself in a stall. Petitioner then fled the store. The assistant manager left the bathroom and saw a red Mustang leave the store at that time and head to the northbound ramp of the interstate highway.

Based on the assistant manager's description of the suspect and the getaway vehicle, police issued a BOLO ("be on the lookout") for a red Mustang. Shortly thereafter, police pulled over a red Mustang driven by Petitioner's wife; Petitioner was a passenger. Petitioner was wearing a plaid shorts and had a wad of cash in his pocket. Police found a knife on the floorboard of the passenger side of the car along with a red shirt with holes cut in it. (Exh. E.)

Petitioner was sentenced to life in prison on each count, with the sentences to run concurrently. (Exh. D.) The First DCA affirmed Petitioner's judgment and sentence without opinion on April 20, 2009. (Exh. O); *Jones v. State*, 6 So.3d 610 (Fla. 1st DCA 2009). Petitioner filed a *pro se* Fla. R. Crim. P. 3.850 motion on June 8, 2009, with subsequent amendments. The trial court summarily denied the 3.850 motion on October 15, 2009. (Exh. S.) Petitioner filed a motion for rehearing, which was denied. The First DCA affirmed without opinion. (Exh. Z.) Petitioner's motion for rehearing was

denied, and mandate issued on April 16, 2010. (Exh. CC.)[2]

The instant Petition was provided to prison officials for mailing on December 15, 2011, and amended approximately one week later. Before the Court at this time are Grounds 1-4 of the Amended Petition. Petitioner's claims are: (1) trial counsel was ineffective for failing to move to dismiss the charges on grounds that the prosecutor perjured himself; (2) the trial court lacked subject matter jurisdiction; (3) trial counsel was ineffective for failing to move to suppress evidence obtained based on a false BOLO; and (4) he was denied due process where the appellate court *per curiam* affirmed the trial court's summary denial of his post-conviction motion. (Doc. 5.)

## Section 2254 Standard of Review

Under 28 U.S.C. § 2254(d)(2), a federal court may not grant a state prisoner's application for a writ of habeas corpus based on a claim already adjudicated on the merits in state court unless that adjudication "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." Under § 2254(e)(1), the petitioner must advance clear and convincing evidence that the state court's factual determination was "objectively unreasonable" to rebut the presumption that the determination was correct. *Gill v. Mecusker*, 633 F.3d 1272, 1287 (11th Cir.2011); see § 2254(e) (1).

As to legal findings, a petitioner is entitled to federal habeas relief only if the state court's adjudication of the merits of the federal claim "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law,

---

[2]Petitioner also filed several state writs, as set forth in Respondent's motion to dismiss. They are not detailed here because they have no bearing on the Court's analysis of the instant petition. (Doc. 25.)

as determined by the Supreme Court of the United States." § 2254(d)(1). "[C]learly established Federal law, as determined by the Supreme Court of the United States," refers only to holdings (rather than *dicta*) of the Supreme Court, but decisions of lower federal courts may be considered to the extent that they demonstrate how those courts applied Supreme Court holdings. *Hawkins v. Alabama,* 318 F.3d 1302, 1309 (11th Cir. 2003) (citations omitted) ("The decisions of other federal circuit courts (and our decisions for that matter) are helpful to the AEDPA inquiry only to the extent that the decisions demonstrate that the Supreme Court's pre-existing, clearly established law compelled the circuit courts (and by implication would compel a state court) to decide in a definite way the case before them."). *See also Carey v. Musladin,* 549 U.S. 70, 74-77 (2006) (§ 2254 refers to holdings, rather than *dicta,* of the Supreme Court, collecting circuit cases "[r]eflecting the lack of guidance from this Court," on the issue).

The "contrary to" and "unreasonable application" clauses of § 2254(d)(1) have independent meanings. *Williams v. Taylor,* 529 U.S. 362, 404-406 (2000); *Bell v. Cone,* 535 U.S. 685, 694 (2002) (citing *Williams* ). "Under the 'contrary to' clause, a federal habeas court may grant the writ if the state court arrives at a conclusion opposite to that reached by [the Supreme] Court on a question of law or if the state court decides a case differently than this Court has on a set of materially indistinguishable facts. Under the 'unreasonable application' clause, a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from this Court's decisions but unreasonably applies that principle to the facts of the prisoner's case." *Williams,* 529 U.S. at 412-13. "Avoiding these pitfalls [described in *Williams v. Taylor* ] does not require citation of our cases-indeed, it does not even require *awareness* of our cases, so long as

neither the reasoning nor the result of the state-court decision contradicts them." *Early v. Packer,* 537 U.S. 3, 8 (2002) (emphasis in original). Further, "whether a state court's decision was unreasonable must be assessed in light of the record the court had before it." *Holland v. Jackson,* 542 U.S. 649, 652 (2004).

In *Gill v. Mecusker*, 633 F.3d 1272 (11th Cir. 2011), the Eleventh Circuit clarified how the federal habeas court should address the "unreasonable application of law" and the "unreasonable determination of facts" tests. The court acknowledged the well-settled principle that summary affirmances are presumed adjudicated on the merits and warrant deference. *Id*. at 1288 (citing *Harrington v. Richter*, ___ U.S. ___, 131 S.Ct. 770, 784–85 (2011), and *Wright v. Sec'y for the Dep't of Corr.*, 278 F.3d 1245, 1254 (11th Cir.2002)). "A judicial decision and a judicial opinion are not the same thing," and the Supreme Court has confirmed that determining whether the state court unreasonably applied the law or unreasonably determined the facts requires only a decision, not an opinion. *Id*. at 1291 (citing *Harrington*, 131 S.Ct. at 784). Yet, the Supreme Court has never squarely addressed whether under the "unreasonable application" test a federal habeas court "looks exclusively to the objective reasonableness of the state court's ultimate conclusion or must also consider the method by which the state court arrives at its conclusion." *Id.* at 1289 (quoting *Neal v. Puckett*, 286 F.3d 230, 244–45 (5th Cir.2002) (summarizing the emerging circuit split)). The Eleventh Circuit concluded that district courts must apply the plain language of § 2254(d) and answer the "precise question" raised in a claim based on the state court's ultimate legal conclusion, and should not "evaluate or rely upon the correctness of the state court's process of reasoning." *Id.* at 1291. In short, the court stated, "the statutory language focuses on the

result, not on the reasoning that led to the result." *Id.*

In light of *Gill,* the "unreasonable determination of facts" standard plays a limited role in habeas review because the district court considers the reasonableness of the trial court's fact finding only to the extent that the state court's ultimate conclusion relied on it. *Id*. at 1292. A federal habeas court can consider the full record before it to answer "the only question that matters[:]" whether the state court's decision was objectively unreasonable. *Gill*, 133 F.3d at 1290.

### Ineffective Assistance of Counsel

Because Petitioner's claims allege ineffective assistance of counsel, a review of the applicable law is necessary. Under *Strickland v. Washington*, 466 U.S. 668, 677-78 (1984), to prevail on a constitutional claim of ineffective assistance of counsel, a defendant must demonstrate (1) that his counsel's performance was below an objective and reasonable professional norm, and (2) that he was prejudiced by this inadequacy. *Strickland*, 466 U.S. at 686. The court may dispose of the claim if a defendant fails to carry his burden of proof on either the performance or the prejudice prong. *Id*. at 697.

To show counsel's performance was unreasonable, a defendant must establish that "no competent counsel would have taken the action that his counsel did take." *Grayson v. Thompson*, 257 F.3d 1194, 1216 (11th Cir. 2001) (emphasis omitted). "The relevant question is not whether counsel's choices were strategic, but whether they were reasonable." *Roe v. Flores-Ortega*, 528 U.S. 470, 481 (2000). There are no "absolute rules" for determining whether counsel's actions were indeed reasonable, as "[a]bsolute rules would interfere with counsel's independence–which is also constitutionally protected–and would restrict the wide latitude counsel have in making tactical decisions."

*Putnam v. Head*, 268 F.3d 1223, 1244 (11th Cir. 2001). "To uphold a lawyer's strategy, [the Court] need not attempt to divine the lawyer's mental processes underlying the strategy." *Chandler v. United States*, 218 F.3d 1305, 1314 n.16 (11th Cir. 2000) (en banc). "No lawyer can be expected to have considered all of the ways [to provide effective assistance]." *Id*.

> If a defense lawyer pursued course A, it is immaterial that some other reasonable courses of defense (that the lawyer did not think of at all) existed and that the lawyer's pursuit of course A was not a deliberate choice between course A, course B, and so on. The lawyer's strategy was course A. And [the Court's] inquiry is limited to whether this strategy, that is, course A, might have been a reasonable one.

*Id*.

To show prejudice, a defendant must show more than simply that counsel's unreasonable conduct might have had "some conceivable effect on the outcome of the proceeding." *Strickland*, 466 U.S. at 693. Instead, a defendant must show a "reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id*. at 694. A "reasonable probability is defined as a probability sufficient to undermine confidence in the outcome." *Id*.

When, as here, the state courts have denied an ineffective assistance of counsel claim on the merits, the standard a petitioner must meet to obtain federal habeas relief is a difficult one. *Harrington* 131 S.Ct. at 786. The standard is not whether an error was committed, but whether the state court decision is contrary to or an unreasonable application of federal law that has been clearly established by decisions of the Supreme Court. 28 U.S.C. § 2254(d)(1). As the Supreme Court explained, error alone is not enough, because "[f]or purposes of § 2254(d)(1), an unreasonable application of federal

law is different from an incorrect application of federal law." *Harrington*, 131 S.Ct. at 785 (quotation marks omitted). And "even a strong case for relief does not mean the state court's contrary conclusion was unreasonable." *Id*. at 786.

When faced with an ineffective assistance of counsel claim that was denied on the merits by the state courts, a federal habeas court "must determine what arguments or theories supported or, [if none were stated], could have supported, the state court's decision; and then it must ask whether it is possible fairminded jurists could disagree that those arguments or theories are inconsistent with the holding in a prior decision of [the Supreme] Court." *Id*. So long as fairminded jurists could disagree about whether the state court's denial of the claim was inconsistent with an earlier Supreme Court decision, federal habeas relief must be denied. *Id*. Stated the other way, only if "there is no possibility fairminded jurists could disagree that the state court's decision conflicts with [the Supreme] Court's precedents" may relief be granted. *Id*.

Even without the deference due under § 2254, the *Strickland* standard for judging the performance of counsel "is a most deferential one." *Id.* at 788. When combined with the extra layer of deference that § 2254 provides, the result is double deference and the question becomes whether "there is any reasonable argument that counsel satisfied *Strickland's* deferential standard." *Id*. Double deference is doubly difficult for a petitioner to overcome, and it will be a rare case in which an ineffective assistance of counsel claim that was denied on the merits in state court is found to merit relief in a federal habeas proceeding.

### Discussion

*Ground 1: Ineffective Assistance - Failure to move to dismiss*

Petitioner contends that trial counsel rendered ineffective assistance by failing to file a motion to dismiss "on the grounds of 'perjury,' that the ass't state attorney knowingly swore falsely under oath that the charged offenses were based upon 'facts' that had been sworn to as true." (Doc. 5, p. 4.) In rejecting this claim on postconviction review, the state court noted that Florida Rule of Criminal Procedure 3.140(g) states that "No objection to an information on the ground that it was not signed or verified, as herein provided, shall be entered after the defendant pleads to the merits." (Exh. S, p 115.) The state court went on to say:

> In the instant case the Defendant pleaded not guilty to the Information he now contests. By the plain language of 3.140(g) and 3.140(o) such a claim is now prohibited. See *State v. Perkins*, 977 So. 2d 643 (Fla. 5th DCA 2005). As the 4th DCA articulated in *Logan v. State*, 1 So.3d 1253 (Fla. 4th DCA 2009), "The prosecutor's alleged failure to have received sworn testimony from witnesses before filing the information in this case. . .cannot be raised once a defendant has entered a plea to the merits of the charge. Such a claim is not grounds for postconviction relief."
>
> Further, a Defendant may not raise an issue in a 3.850 motion that was, or could have been, addressed on direct appeal. . .The Defendant concedes, and the record reflects, that a motion to dismiss was filed and a hearing was conducted regarding this very issue.

(Exh. S, pp. 70-71.) The First DCA *per curiam* affirmed without written opinion. (Exh. Z)

Trial counsel cannot be deemed deficient for failing to file a motion that he did in fact file. As the state court pointed out, trial counsel did file a "Motion to Dismiss II" on March 14, 2007, and a hearing was conducted on the issue. (Exh S, pp. 126-28.) On this record, Petitioner has failed to show that the state court's rejection of this claim was

contrary to, or an unreasonable application of *Strickland,* or an unreasonable determination of the facts in light of the evidence adduced in state court.

### Ground 2: Lack of subject matter jurisdiction

Petitioner contends that the prosecutor "having knowingly brought the charged offense(s) before the trial court pursuant to 'perjury,' created a serious defect in the trial court['s] subject matter jurisdiction." (Doc. 5, p. 7.) A state court's jurisdiction to convict and sentence a defendant are quintessential state law matters this Court cannot review in a federal collateral proceeding. *Chandler v. Armontrout*, 940 F.2d 363, 366 (8th Cir. 1991)(noting the adequacy of a criminal information is a question of state law and federal courts "are bound by a state court's conclusion respecting jurisdiction"); *Estrada v. Sec'y, Dept. Of Corr.,* No. 8:12–CV–758–T–30EAJ, 2012 WL 1231990, at *1 (M.D. Fla. Apr. 12, 2012)("A state court's jurisdiction to enter a judgment and sentence a defendant is a matter of state law that is not cognizable on federal collateral review.").

Furthermore, under the Sixth Amendment the Petitioner has a right to reasonable notice of the charge against him. *In re Oliver*, 333 U.S. 257 (1948) (A person's right to reasonable notice of the charge against him is applied to the states through the Fourteenth Amendment.) However, the sufficiency of a state indictment or information is not a matter for federal habeas corpus relief unless it can be shown that the indictment or information is so defective that the convicting court had no jurisdiction. *Murphy v. Beto*, 416 F.2d 98 (5th Cir.1969); *Branch v. Estelle*, 631 F.2d 1229 (5th Cir.1980); *DeBenedictis v. Wainwright*, 517 F.Supp. 1033, 1036 (S.D. Fla. 1981). In this case, the information was determined to be sufficient under state law. A state's interpretation of its own laws or rules provides no basis for federal habeas corpus relief because no

federal constitutional question is presented. 28 U.S.C. § 2254(a); *Estelle v. McGuire*, 502 U.S. 62, 67 (1991) ("[I]t is not the province of a federal habeas court to reexamine state-court determinations on state-law questions."). Accordingly, Petitioner is not entitled to federal habeas relief on this claim.

***Ground 3: Ineffective assistance of counsel - failure to file motion to suppress***

Petitioner contends that trial counsel was ineffective for failing to "move for a suppression of evidence on the 'specific' ground/legal argument of the law enforcement officer having made the investigatory vehicle stop based upon intentional false information related over a 'BOLO'." (Doc. 5, at p. 8.) In denying this claim on postconviction review, the state court wrote:

> The Defendant contends that Deputy Jeramie Cheshire relayed false information to law enforcement officers via a BOLO ("be on the lookout") which resulted in his being illegally stopped and eventually arrested. As such, all of the evidence found in the vehicle should have been suppressed.
>
> The Defendant's motion states that the victim told Dep. Cheshire that immediately after being robbed she saw a red Ford Mustang leave the parking lot of the store heading northbound on the Interstate. Later, a law enforcement officer, relying on the BOLO, stopped the Defendant in a red Ford Mustang heading north on Interstate - 10. Dep. Cheshire's BOLO allegedly stated that the Defendant was last "seen leaving the scene *in* the Mustang versus seeing the Mustang pull out of the parking lot immediately after the robbery is the "false information" which justified the "illegal" stop.
>
> Pre-trial counsel, in fact, did file a motion to suppress evidence based upon the same facts the Defendant now argues. Further, trial counsel filed a second motion to suppress evidence and statements based on the same facts, but with a different legal argument. The issues were preserved for appeal. Per *Moore*, the Defendant may not relitigate this issue in a 3.850 motion.

(Exh. S, p. 116) (internal citations omitted). The First DCA *per curiam* affirmed without written opinion. (Exh. Z)

*Case No: 1:11-cv-269-MP-GRJ*

Trial counsel cannot be deemed deficient for failing to file a motion that he did in fact file. As the state court pointed out, trial counsel filed two motions to suppress the items obtained as a result of the traffic stop. In the "Amended Motion to suppress Evidence I," trial counsel moved to suppress all items obtained as a result of the traffic stop, arguing that the BOLO was improper. (Exh. S, pp. 118-25.) After the trial court ruled that the BOLO was reasonable, trial counsel again argued in a "Motion to Suppress Admissions and Physical Evidence," that the evidence obtained as result of the stop should be suppressed, this time under the theory that Petitioner's detention was without probable cause. (Exh. S, pp. 129-31.) On this record, Petitioner has failed to show that the state court's rejection of this claim was contrary to, or an unreasonable application of *Strickland,* or an unreasonable determination of the facts in light of the evidence adduced in state court.

### Ground 4: Denial of due process

Finally, Petitioner argues that the First DCA's denial of his (timely) postconviction appeal denied him due process of law because the trial court's summary denial violates Florida Rule of Criminal Procedure 3.850(d) and Florida Rule of Appellate Procedure 9.141(b)(2)(d). Although Petitioner frames his claim as one based in federal law, in reality he is alleging a defect in his state collateral proceedings.

Federal habeas relief is available to remedy defects in a defendant's conviction and sentence, but "an alleged defect in a collateral proceeding does not state a basis for habeas relief." *Quince v. Crosby*, 360 F.3d 1259, 1262 (11th Cir. 2004); *see also Carroll v. Sec'y, DOC*, 574 F.3d 1354, 1365 (11th Cir.2009) (collecting cases). "There is a valid reason behind this principle: 'a challenge to a state collateral proceeding does not

undermine the legality of the detention or imprisonment - *i.e.*, the conviction itself - and thus habeas relief is not an appropriate remedy.'" *Alston v. Dept. of Corr.*, 610 F.3d 1318, 1325 -1326 (11th Cir. 2010) (quoting *Carroll*, 574 F.3d at 1365). Collateral criminal proceedings in Florida are a state-created right, and a challenge to those proceedings concerns matters of state law that do not provide a basis for federal habeas relief. *Alston*, 610 F.3d at 1326.

In view of this authority, it is clear that Petitioner's fourth claim concerns state collateral proceedings and not a direct attack on the validity of the fact or length of his confinement. This claim is therefore due to be dismissed.

### Certificate of Appealability

Section 2254 Rule 11(a) provides that "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant," and if a certificate is issued "the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2)." A timely notice of appeal must still be filed, even if the court issues a certificate of appealability. Rule 11(b), Rules Governing Section 2254 Cases.

The undersigned finds no substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 483–84 (2000). Therefore, the undersigned recommends that the district court deny a certificate of appealability in its final order.

Rule 11(a) also provides: "Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue." Thus, if there is an objection to this recommendation by either party, that party may bring this argument to

the attention of the district judge in the objections permitted to this report and recommendation.

Accordingly, it is respectfully **RECOMMENDED:**

1. The petition for writ of habeas corpus (Doc. 5) should be **DENIED**.

2. A certificate of appealability should be **DENIED.**

**IN CHAMBERS** this 20th day of December 2013.

*s/ Gary R. Jones*
GARY R. JONES
United States Magistrate Judge

**NOTICE TO THE PARTIES**

A party may file specific, written objections to the proposed findings and recommendations within 14 days after being served with a copy of this report and recommendation. A party may respond to another party's objections within 14 days after being served with a copy thereof. Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.